Where an action is brought for an injunction, and a preliminary injunction is granted, a judgment dissolving the preliminary injunction, and dismissing the complaint, is an adjudication that plaintiff had no right to such preliminary injunction, and defendant is entitled to an order of reference to ascertain and assess his damages by reason thereof.

Appeal from special term, New York county.

Action by the Appollinaris Company, Limited, against George W. Venable and another for an injunction. Judgment for defendants dissolving the preliminary injunction and dismissing the complaint. Plaintiff appeals from an order appointing a referee to ascertain and assess the damages sustained by defendants by reason of the preliminary injunction. Affirmed.

For former report, see 10 N. Y. Supp. 469.

Argued before VAN BRUNT, P. J., and O'BRIEN, and INGRAHAM, JJ.

*Henry Melville,* for appellant. *I. Albert Englehart,* for respondents.

PER CURIAM. The appellant, a foreign corporation, brought this action to restrain the respondents from using certain labels which the complaint alleged infringed upon its trade-mark rights. On motion of the plaintiff, a preliminary injunction was issued, and subsequently an order was made dissolving the injunction, and dismissing the complaint, and a final judgment was entered dissolving such injunction, and adjudging that the complaint be dismissed, with costs. Thereupon this motion was made and granted. It is urged that the court had no power to grant this motion, because there had been no decision as to the plaintiff's rights at the time the injunction was granted, and our attention is called to the cases of *Palmer* v. *Foley,* 71 N. Y. 106; *Musgrave* v. *Sherwood,* 76 N. Y. 194; *Benedict* v. *Benedict.* Id. 600; *Johnson* v. *Elwood,* 82 N. Y. 365; and *Delafield* v. *Telegraph Co.,* (Com. Pl. N. Y.) 3 N. Y. Supp. 921. But it will be observed, upon an examination of those cases, that they have no application to the state of facts presented by the record upon this appeal. It appears that the *gravamen* of the action was the plaintiff's right to an injunction, and that the preliminary injunction was granted upon the theory that the plaintiff had a good cause of action for a permanent injunction as against the defendants. It was not auxiliary to the cause of action declared upon in the complaint, but, as already stated, was the cause of action. The action was instituted for the purpose of obtaining this permanent injunction. When, therefore, by the judgment of the court, the preliminary injunction was dissolved, and the complaint dismissed, it was an adjudication by the court that the plaintiff had no right to maintain this action for an injunction; and it was therefore an adjudication that, as the preliminary injunction depended upon the right to maintain the action for a permanent injunction, no right to the preliminary injunction ever existed. It would seem, therefore, that the order was properly made, and should be affirmed, with $10 costs and disbursements.

---

BRADHURST *v.* FIELD *et al.*

(*Supreme Court, General Term, First Department.* March 31, 1892.)

CONSTRUCTION OF WILLS—EVIDENCE OF INTENTION.

Where the intention of a testator as to the disposition of a certain sum is plainly evinced in unambiguous language, evidence is inadmissible to show a different intention.

Appeal from special term, New York county.

Action by Laura F. Bradhurst against Augusta C. Field and others, executors of Thomas C. P. Bradhurst, etc., to construe the will of said Thomas C.

P. Bradhurst. From a judgment rendered by a judge sitting without a jury plaintiff appealed. Affirmed.

For former report, see 10 N. Y. Supp. 452; 13 N. Y. Supp. 60; 14 N. Y. Supp. 939.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

J. Frederic Kernochan, for appellant. Charles E. O'Connor, for respondents, executors. Hays & Greenbaum, (Danl. P. Hays, of counsel,) for respondents Frances P. Field and Thomas P. Field. Charles A. Jackson, for respondents Mary C. Jackson and others.

PER CURIAM. The construction of the will of Thomas C. Bradhurst was before this court on an appeal from judgment sustaining a demurrer to the complaint; and the decision of that appeal, we think, disposes of the question presented to us. Mr. Justice DANIELS, in delivering the opinion of the court, after a review of the authorities, says: "But neither of these authorities, nor the principle which they maintain, will authorize the court to proceed any further than to discover and follow the testator's intention. Here that has been plainly evinced in language which is free from ambiguity, and it was that the plaintiff should receive from the trustees the sum of $10,000 and no more; and that was the conclusion indicated when the case was upon another occasion before this court, the decision of which is contained in 10 N. Y. Supp. 452." As the intention of the testator is plainly evinced in language which is free from ambiguity, the court below would not have been justified in receiving any evidence to show that his intention was different from that plainly expressed in the instrument itself. There was therefore no error in refusing to receive the testimony offered by the plaintiff, and the court below was clearly right in the determination at which it arrived. The judgment should be affirmed, with costs to the executor and to the guardian.

All concur.